**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA

        Plaintiff/Respondent,

v.

CAL FIZER,

        Defendant/Petitioner.

_____/

CASE NUMBER: 07-20953

HON. MARIANNE O. BATTANI

**OPINION AND ORDER STRIKING PETITIONER'S § 2255 MOTION**

Before the Court is Government's Combined Motion and Brief to Strike the Petitioner's Motion Filed Under 28 U.S.C. § 2255 (Doc. No. 35). The Court has reviewed the pleadings and finds oral argument will not aid in the resolution of this motion. See 28 U.S.C. § 2255; E. D. Mich. LR 7.1(e)(1). For the reasons that follow, the motion is **GRANTED**.

**I.  BACKGROUND**

Petitioner Cal Fizer pleaded guilty to Credit Card Fraud, Mail Fraud, and Aggravated Identity Theft pursuant to a Rule 11 Plea Agreement. The Court sentenced him to forty-six months imprisonment in addition to a two-year mandatory term of imprisonment.

Fizer subsequently filed a § 2255 motion attacking the validity of his conviction in which he advances seventeen claims of error. Respondent moves to strike on the ground that none of the issues may be considered by the Court because "perfunctory and undeveloped arguments are waived." Government's Brief at 4 (quoting General Star

Nat. Ins. Co. V. Administratia Asigurarilo de Stat, 289 F.3d 434, 441 (6th Cir. 2002) (citation omitted).

## II.     STANDARD OF REVIEW

A federal prisoner may file a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence on the ground that the sentence imposed violates the United States Constitution.  To prevail on a motion alleging constitutional error, the movant bears the burden of establishing "an error of constitutional magnitude which had a substantial and injurious effect or influence" on the criminal proceedings.  Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003).  To prevail on a motion alleging nonconstitutional error, the movant must demonstrate a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." Gall v. United States, 21 F.3d 107, 109 (6th Cir. 1994) (citing United States v. Ferguson, 918 F.2d 627, 630 (6th Cir. 1990)).

## III.    ANALYSIS

Because Fizer brings his petition *pro se*, the Court is required to construe the pleadings liberally.  Haines v. Kerner, 404 U.S. 519 (1972); Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Even a pro se litigant must set forth facts that entitle him to relief. O'Malley v. United States, 285 F.2d 733, 735 (6th Cir. 1961) (noting that a movant must set forth facts which entitled him to relief when making a motion to vacate or set aside a judgment under § 2255).

Here, Petitioner has advanced seventeen claims with no factual basis. Although Fizer indicates that "[t]he factual claims and legal argument that support [his] claims are set forth in Petitioner's Memorandum in Support of Petition for Writ of Habeas Corpus," he failed to make such a filing. Case law does not require the Court to guess the factual basis underpinning Petitioner's claim or construct the legal arguments. Moreover, the § 2255 motion does not comply with the Rules Governing Section 2255 Proceedings for the United States District Court. Rule 2(b) requires that a motion must among other things, "state the facts supporting each ground" for relief. The pleadings, as presented, fail to give sufficient notice to the Court or the government as to how Fizer believes his rights have been violated and why he is entitled to relief.

## IV.  CONCLUSION

Therefore, the Court **GRANTS** Respondent's motion. Fizer may file an amended motion **on or before February 26, 2010**.

**IT IS SO ORDERED.**


        s/Marianne O. Battani
        MARIANNE O. BATTANI
        UNITED STATES DISTRICT COURT JUDGE

DATED: January 20, 2010

## CERTIFICATE OF SERVICE

Copies of this Order were mailed to Petitioner and counsel of record on this date by ordinary mail and/or electronic filing.

        s/Bernadette M. Thebolt
        Deputy Clerk