**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

v.

CAL FIZER,

        Defendant/Petitioner.

_____/

Civil No:     09-14310
Criminal No: 07-20593

HON. MARIANNE O. BATTANI

**OPINION AND ORDER DENYING PETITIONER'S § 2255 MOTION
AND DENYING CERTIFICATE OF APPEALABILITY**

Before the Court is Defendant/Petitioner Cal Fizer's Amended Petition For A Writ of Habeas Corpus and Evidentiary Hearing For An Early Release. (Doc. No. 39). The Court considers this Petition as a motion to vacate, set aside, or correct a sentence brought pursuant to 28 U.S.C. § 2255. For the reasons that follow, the motion is **DENIED** with prejudice and Petitioner is **DENIED** a certificate of appealability.

**I.    BACKGROUND**

Petitioner Cal Fizer pleaded guilty to Credit Card Fraud, Mail Fraud, and Aggravated Identity Theft pursuant to a Rule 11 Plea Agreement. (Doc. 26). The Court sentenced him to forty-six months imprisonment in addition to a two-year mandatory term of imprisonment for aggravated identity theft. (Doc. 29). Instead of direct appeal of his conviction or sentence, Petitioner filed a substantively defective motion under 28 U.S.C. § 2255 challenging his sentence. (Doc. 32; Doc. 35). The Court allowed Petitioner to file an

amended motion on or before February 26, 2010. (Doc. 37). Petitioner's amended motion is now before the Court. (Doc. 38).

## II.   STANDARD OF REVIEW

A federal prisoner may file a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence on the ground that the sentence imposed violates the United States Constitution. To prevail on a motion alleging constitutional error, the movant bears the burden of establishing "an error of constitutional magnitude which had a substantial and injurious effect or influence" on the criminal proceedings. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003). The petitioner must sustain his allegations by a preponderance of the evidence. Pough v. United States, 442 F.3d 959, 964 (6th Cir. 2006).

## III.   ANALYSIS

After reviewing Fizer's *pro se* petition, the Court finds two principle arguments. Fizer argues his Eighth Amendment rights were violated when the Court sentenced him to a term of imprisonment instead of a sole monetary fine. He also contends his attorney rendered ineffective assistance of counsel, in violation of the Sixth Amendment, by failing to ask the Court for a monetary fine instead imprisonment. Fizer also requests an evidentiary hearing on the above claims.

### A.   Eighth Amendment

Petitioner argues that his sentence violates the Eighth Amendment to the United States Constitution. "[A] sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment.' " Austin v. Jackson, 213 F.3d 298, 302 (6th Cir. 2000) (quoting United States v. Organek, 65 F.3d 60, 62 (6th Cir. 1995). This is

because the particular statutory limitations chosen by Congress involve "substantive penological judgments" ordinarily best left to Congress. United States v. Williams, 15 F.3d 1356, 1364 (6th Cir.1994).

Fizer's Eighth Amendment claim is without merit. As noted above, the aggravated identity theft count included a mandatory two year imprisonment term. Contrary to Petitioner's assertions, the Court was powerless to impose a fine instead of a two-year mandatory minimum. 18 U.S.C. 1028A(a)(1). The statute prohibited the Court from considering a fine in lieu of imprisonment. Given that the prison term was required by statute and that Fizer entered into a plea agreement explaining as much, his sentence is not "cruel and unusual punishment." Relatedly, after review of the Rule 11 Plea Agreement (Doc. 26) and the plea colloquy (Doc.40 Ex. C), it is clear that Petitioner understood the consequences of his plea and was fully informed of the mandatory minimum. Based on the record in this case, Petitioner cannot establish that his guilty plea lacked knowledge, intelligence, or voluntariness. Thus, the plea cannot reasonably be challenged under United States v. Brace, 488 U.S. 563, 574 (1989) and Bodkin v. Alabama, 395 U.S. 238, 242-43 (1969). Petitioner's sentence does not violate his Eighth Amendment rights.

**B.     Ineffective Assistance of Counsel**

When an error of constitutional magnitude is alleged to be the ineffective assistance of counsel, the defendant must satisfy the standards set forth by the United States Supreme Court: "[f]irst, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." Strickland v.

Washington, 466 U.S. 668, 687 (1984). Clarifying the requirement of the second prong in the context of a guilty plea, the Court explained, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see also, Smith v. United States, 348 F.3d 545, 551 (6th Cir. 2003).

Fizer's claim fails both prongs of the Strickland test. His counsel was highly effective in securing a plea to only three counts of a seventy-seven count indictment. Counsel also obtained a sentence near the lowest end of the guideline range. Most importantly, given the statutory requirements and contractual terms in the Rule 11 Plea Agreement, Fizer's counsel was effectively prohibited from requesting a sentence solely consisting of a fine. Relatedly, Fizer fails to demonstrate that he suffered actual prejudice from any alleged error. Specifically, he has not established that there is a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty and would have insisted on going to trial. Given the overwhelming amount of adverse evidence it is highly doubtful Fizer would have insisted on going to trial.

## C.  Evidentiary Hearing

An evidentiary hearing is mandatory "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Fontaine v. United States, 411 U.S. 213, 215(1973). The Court finds that the record conclusively establishes that Fizer is not entitled to relief under § 2255. Petitioner's allegations are best described as inherently incredible legal conclusions not based on statements of fact. See, Arredondo

v. United States, 178 F.3d 778, 782 (6th Cir. 1999); Peavy v. United States, 31 F.3d 1341, 1345 (6th Cir. 1994). Consequently, Fizer's unsupported and conclusatory allegations are insufficient to support his request for an evidentiary hearing. Petitioner's request for an evidentiary hearing is denied.

## IV. CONCLUSION

For the reasons discussed above, Petitioner's Amended Petition For A Writ of Habeas Corpus and Evidentiary Hearing For An Early Release is **DENIED** with prejudice.

## V. CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing § 2255 Proceedings, a court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "A certificate of appealability may issue. . .only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Based on the above discussion, Petitioner Fizer has not made a substantial showing of the denial of a constitutional right. Fizer's claims do not establish that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, Petitioner is also **DENIED** a certificate of appealability. This Court further certifies to the Court of Appeals that any appeal would be objectively frivolous.

**IT IS SO ORDERED.**

                                                s/Marianne O. Battani
                                                MARIANNE O. BATTANI
                                                UNITED STATES DISTRICT JUDGE

DATED: October 8, 2010

## CERTIFICATE OF SERVICE

      Copies of this Order were served upon Petitioner and counsel of record on this date by ordinary mail and electronic filing.

                                                      s/Bernadette M. Thebolt
                                                          Case Manager